911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joey L. WILLIAMS, Defendant-Appellant.
 No. 89-2194.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1990.
 
 Before WELLFORD and SUHRHEINRICH, Circuit Judges, and SAM H. BELL*, District Judge.
 PER CURIAM.
 
 
 1
 On November 4, 1988, an indictment charged appellant Joey Levi Williams with conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 846 and 841(a)(1). The indictment stated that the relevant activities began in 1984 and continued "until approximately November, 1988...." Williams pled guilty, pursuant to a Rule 11 plea agreement, which clearly demonstrated the parties' understanding that Williams would be sentenced under the Sentencing Guidelines. On appeal, Williams argues that he should not have been sentenced under the guidelines, because, he claims, his involvement in the conspiracy ceased prior to November 1, 1987, the effective date of the guidelines. He also appeals with regard to his sentence, claiming that it should have been reduced following his cooperation with the government in other drug cases.
 
 
 2
 The guidelines are clearly applicable to a conspiracy that began before November 1, 1987, so long as the conspiracy continued after that date. United States v. Walton, No. 89-1862, slip op. at 19-20 (6th Cir. July 18, 1990); United States v. Meitinger, 901 F.2d 27, 28 (4th Cir.1990). Appellant appears to concede this point, but argues that his involvement in the conspiracy did not continue past November 1, 1987.
 
 
 3
 While the record evidence is insufficient to establish the correctness of appellant's factual contention, appellant is precluded from making this challenge in light of his knowing and voluntary guilty plea. The indictment clearly set forth a conspiracy that continued into 1988. At the Rule 11 hearing, while represented by counsel, appellant was thoroughly advised of his right to trial and the charge made against him, and he made a guilty plea without reservation. When asked, "What was it that you did between 1984 and November of 1988 in this district that you think was a violation of the law," appellant answered, "I sold cocaine [and crack]." Appellant points to a discussion later in the hearing, when the court asked, "And was [the drug-dealing] between the times that I have--at least sometime during that period of time?" Williams answered, "Yes, sometime in that period." We do not construe this exchange to leave room for a claim that Williams was pleading guilty to anything other than the crime as charged in the indictment.
 
 
 4
 "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 109 S.Ct. 757, 762 (1989). The effect of a guilty plea is to establish both that the accused performed the discrete acts described in the indictment, as well as the accused's guilt of the substantive crime charged. Id.
 
 
 5
 The Rule 11 agreement made clear that this was a guidelines case. At the Rule 11 hearing, Williams stated that he understood this to be a guidelines case. The guilty plea was entered voluntarily to the indictment charges.
 
 
 6
 Section 5K1.1 of the sentencing guidelines provides that the sentencing court should give "substantial weight" to the government's assessment of a defendant's assistance in prosecuting other crimes. It is not contested that Williams provided authorities with substantial assistance in the prosecution of other drug-related cases. In the Rule 11 agreement, the government agreed to move the court for a downward departure from the sentencing range set forth in the guidelines for a sentence not to exceed 12 years. (Without a departure, Williams could have been sentenced to between 235 and 293 months.)
 
 
 7
 The government's 5K1.1 motion requested consideration of a sentence of between 5 and 8 years. At the sentencing hearing, the Assistant U.S. Attorney provided the court with a letter seeking a sentence of 5 years. The court sentenced Williams to 100 months imprisonment. This is 4 months more than the maximum sought in the government's motion, but 44 months less than the maximum permissible under the Rule 11 agreement (and 135 months less than the guideline minimum).
 
 
 8
 Appellant now contends that the court failed to observe Sec. 5K1.1's command to give "substantial weight" to the government's assessment of his cooperation. He cites no authority for the proposition that the extent of a downward departure is even appealable, much less that the departure in this case was in any way incorrect as a matter of law. Furthermore, Williams was clearly apprised that the court would not be bound by the government's recommendation.
 
 
 9
 Williams' sentence was within the parameters of the Rule 11 agreement to which he was a party, and was only slightly longer than the maximum requested by the government. Assuming for purposes of this contention of appellant's that the extent of downward departure can be appealed, there is simply no foundation to his claim that the court failed to give "substantial weight" to the government's assessment of his cooperation, and there is nothing at all in the record to suggest that his sentence was in violation of law or an abuse of discretion.
 
 
 10
 For the reasons stated, the sentence is AFFIRMED.
 
 
 
 *
 THE HONORABLE SAM H. BELL, Judge, United States District Court for the Northern District of Ohio, sitting by designation